# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARRY AHURUONYE, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0509-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR, | DATE: June 29, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Josh C. Hildreth, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged suspension for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision, except as expressly MODIFIED by this Final Order to the extent that the administrative judge improperly suggested that nonconsecutive periods of suspension may never be combined for jurisdictional purposes. We FORWARD the appellant's claim of reprisal for whistleblowing to the Washington Regional Office for docketing as an individual right of action (IRA) appeal.

¶2    The appellant is a GS-12 Grants Management Specialist. Initial Appeal File (IAF), Tab 1 at 1. In December 2014, his supervisor granted him 80 hours of paid leave for pay period 2[2] due to his father's death. IAF, Tab 1, Exhibit 3 at 1-2, 8; *see* IAF, Tab 8 at 9-10. In February 2015, the agency converted this leave to absence without leave (AWOL) retroactively for the period from Monday, December 29, 2014, through Friday, January 9, 2015. IAF, Tab 1, Exhibit 1 at 5, Tab 8 at 7-8; *see* IAF, Tab 9 at 5. The agency then initiated a debt collection action to recover payment for the previously paid leave. IAF, Tab 1, Exhibit 1 at 1-3. The agency also charged the appellant with 2.75 hours of AWOL on January 20, 2015, during the second week of pay period 3.[3] IAF, Tab 8 at 12.

---

[2] Pay period 2 spanned from December 28, 2014, to January 10, 2015. IAF, Tab 8 at 7.

[3] Pay period 3 spanned from January 11, 2015, to January 24, 2015. IAF, Tab 8 at 12.

¶3      The appellant filed an appeal with the Board asserting that the agency subjected him to a suspension exceeding 14 days when it retroactively converted the 80 hours of leave he took in pay period 2 to AWOL and charged him with 2.75 hours of AWOL in pay period 3. IAF, Tab 1. He declined a hearing. *Id.* at 2.

¶4      The administrative judge dismissed the appeal for lack of jurisdiction, finding that the Board does not have jurisdiction under chapter 75 to hear an appeal of a suspension of 14 days or fewer. IAF, Tab 13, Initial Decision (ID). She appears to have concluded that, although the appellant was charged with 80 hours of AWOL in pay period 2 and 2.75 hours of AWOL in pay period 3, the two periods of AWOL were nonconsecutive and, as such, could not constitute a suspension exceeding 14 days. *See* ID at 2-3.

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He again asserts that the agency subjected him to a suspension in excess of 14 days, appealable to the Board under chapter 75, because it charged him with a total of 82.75 hours of AWOL during pay periods 2 and 3.[4] *Id.* at 8-10. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 4-5.

---

[4] In addition, the appellant asserts that the administrative judge erred by not requiring the agency to submit documentation related to the debt collection. PFR File, Tab 1 at 8-9. The record contains the pay stubs relevant to the AWOL periods at issue, a statement from the agency's human resources specialist regarding the payroll adjustments made, and a letter notifying the appellant of the debt collection action. IAF, Tab 1, Exhibit 1 at 1-3, Tab 8 at 6-13, Tab 9 at 4-13. It is unclear what additional evidence the appellant believes the agency should have submitted and we discern no error. He also appears to assert that the agency failed to comply with due process requirements for initiating the debt collection. PFR File, Tab 1 at 12-15. We do not have jurisdiction over this issue. *See Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶¶ 6-7 (2010).

<u>The appellant did not receive proper jurisdictional notice, but we nonetheless affirm the initial decision.</u>

¶6     The Board has jurisdiction over suspensions greater than 14 calendar days. 5 U.S.C. § 7512; 5 C.F.R. § 752.402 (defining "day" as "calendar day"). A "suspension" is the temporary placement of an employee in a nonpay, nonduty status. 5 U.S.C. § 7501(2); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014). This definition covers unpaid disciplinary absences, as well as other types of enforced leave imposed on an employee against his will. *Abbott*, 121 M.S.P.R. 294, ¶ 6.

¶7     There exists no precedent for combining nonconsecutive suspensions of 14 days or less for purposes of finding Board jurisdiction; however, the Board has left open the possibility that nonconsecutive suspensions of 14 days or less may be combined when: (1) the suspensions are based on the same reason; and (2) there is evidence that the agency attempted to circumvent Board regulations or avoid Board jurisdiction by imposing multiple suspensions of 14 days or less.[5] *Edwards v. U.S. Postal Service*, 112 M.S.P.R. 196, ¶¶ 7-8 (2009); *Giannetto v. Department of Transportation*, 109 M.S.P.R. 522, ¶¶ 6-7 (2008). The appellant was not informed below of this possible basis for Board jurisdiction. Rather, both the administrative judge and the agency's pleadings simply stated that he must establish that he was suspended for longer than 14 consecutive days for the Board to have jurisdiction. ID; IAF, Tab 7 at 1, Tab 8 at 4-5.

¶8     We recognize that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). However, even if the appellant could establish that the nonconsecutive periods of AWOL at issue in this appeal should be combined for jurisdictional purposes, we still would find that we lack jurisdiction under chapter 75. The appellant was in a pay status on

[5] We MODIFY the initial decision, to the extent that it is inconsistent with this precedent.

Friday, December 26, 2014, and on Monday, January 12, 2015. IAF, Tab 8 at 6, 12; *see* IAF, Tab 9 at 5. The record evidence demonstrates that his regular work schedule was 8 hours per day, Monday through Friday. *See* IAF, Tab 1, Exhibit 3 at 3, Tab 9 at 6-13. We therefore find that Saturday and Sunday, December 27-28, 2014, and Saturday and Sunday, January 10-11, 2015, would not constitute periods of suspension. *See Cremeans v. U.S. Postal Service*, 88 M.S.P.R. 277, ¶ 6 (2001) (where an agency suspends an employee for 14 days and does not immediately return him to work on the fifteenth day because that is one of his regularly scheduled days off, the suspension cannot be deemed to have lasted more than 14 days). At best, the period of AWOL from December 29, 2014, to January 9, 2015, could only constitute a 12-day suspension. Thus, even taking into account January 20, 2015, the appellant could only at most show that he was suspended for 13 days.[6] As previously stated, we do not have jurisdiction under chapter 75 over suspensions of that length.

¶9    For the reasons set forth above, we DENY the appellant's petition for review and AFFIRM the initial decision as modified herein.

<u>We forward the appellant's reprisal for whistleblowing claim to the regional office for docketing as an IRA appeal.</u>

¶10   Although we do not have jurisdiction over the agency action charging the appellant with 82.75 hours of AWOL under chapter 75, we may have jurisdiction over the action as an IRA appeal. Below, the appellant asserted that his supervisor charged him with AWOL in retaliation for his whistleblowing

---

[6] It also appears, from the record in another of the appellant's appeals that is pending at the Washington Regional Office, that the January 20, 2015 AWOL charge was not related to the death of his father, but rather was imposed after he attended a prehearing conference before the Board although his supervisor denied his request for administrative leave to attend the conference. MSPB Docket No. DC-1221-15-0634-W-1, Initial Appeal File, Tab 1. Therefore, to the extent that the AWOL periods in pay periods 2 and 3 constitute suspensions, it does not appear that they were imposed for the same reason.

activity.[7]  IAF, Tab 1 at 4.  He submitted evidence that he made this allegation to the Office of Special Counsel (OSC) on February 5, 2015.[8]  IAF, Tab 5 at 7; *see* IAF, Tab 10 at 8.  We therefore find it appropriate to FORWARD this claim to the Washington Regional Office to determine whether the Board has jurisdiction over this matter as an IRA appeal and, if so, for further adjudication.[9]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[7] On review, the appellant submits evidence and argument pertaining to his claims that the agency charged him with AWOL and proceeded to garnish his wages as an ongoing pattern of retaliation for various whistleblowing activities.  PFR File, Tab 1 at 10-12, 16-153, Tab 6.  He may raise these arguments in his IRA appeal, once docketed.

[8] The appellant also submitted an April 13, 2015 email indicating that OSC had preliminarily closed his "zero rating" complaint and that he could now appeal that decision to the Board.  IAF, Tab 12 at 4.  He asserts on review that this email constituted OSC's notice of his right to seek corrective action from the Board as to his AWOL claim.  PFR File, Tab 1 at 10.  It is unclear whether his interpretation of the email is correct.  However, if that email did constitute OSC's termination notice, we note that he submitted it to the Board less than 65 days after its issuance.  *See* 5 C.F.R. § 1209.5(a)(1).  We also note that on June 5, 2015, 120 days had passed since he made his AWOL claim to the investigator.  *See* 5 C.F.R. § 1209.5(a)(2).

[9] The regional office should join the newly-docketed IRA appeal with the appellant's appeals in MSPB Docket Nos. DC-1221-15-0156-W-1, DC-1221-15-0201-W-1, and DC-1221-15-0339-W-1, which we already have joined in a separate decision.  We also direct the regional office to evaluate whether to join MSPB Docket No. DC-1221-15-0634-W-1, and any other related appeals that the appellant may have pending, with the aforementioned matters.  This pro se appellant's apparent insistence on fragmenting his retaliation claims into numerous appeals, in addition to being confusing and wholly inefficient, will arguably impair his ability to present a cohesive argument demonstrating that he was subjected to a pattern of retaliation based on the same allegedly protected disclosures.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.